UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**BENSON NEWOSU,**
    Plaintiff,

v.

**ALABAMA LAW ENFORCEMENT AGENCY,** *et al.***,**
    Defendants.

Case No. 1:25-cv-70-CLM

## MEMORANDUM OPINION

Benson Newosu, proceeding pro se, alleges Defendants conspired to convict him of a crime he didn't commit, affecting Newosu's ability to obtain employment. The conspiracy that Newosu describes dates back to events that occurred as early as 1986. And although Newosu previously sued these Defendants in Alabama State court on the same grounds, he now sues Defendants in this court under 42 U.S.C. § 1983. (Doc. 5). Newosu also moves for leave to proceed in forma pauperis ("IFP"), (doc. 2), requests appointment of counsel, (docs. 4, 13), and moves to set aside a state court ruling against him, (docs. 10, 12, 14). Defendants, on the other hand, all move to dismiss Newosu's complaint, (docs. 7, 8, 9, 11).

For the reasons explained below, the court:

- **DENIES AS MOOT** Newosu's motion for leave to proceed IFP, (doc. 2);
- **DENIES** Newosu's motions for appointment of counsel, (docs. 4, 13);
- **DENIES** Newosu's motions to set aside state court rulings, (docs. 10, 12, 14); and,
- **GRANTS** Defendants' motions to dismiss, (docs. 7, 8, 9, 11).

## BACKGROUND[1]

About 40 years ago, in 1986 and 1987, Newosu was a graduate student in Jacksonville, Alabama. Newosu alleges that, at the time, Alabama Law Enforcement Agency ("ALEA") and the City of Anniston conspired against him, framing with a conviction of "child welfare" and creating reports with false evidence regarding a dispute he had with an eyewear store. Some or all of this information was placed in Newosu's employment record, and although he knew nothing about it, this kept him from working for over three decades.

Eventually, in June 2020, Newosu sued the City of Anniston and ALEA in state court under 42 U.S.C. § 1983, alleging that the two conspired against him. Newosu sought $6 million. The state court dismissed all claims. Newosu appealed the trial court's dismissal, and the Alabama Supreme Court affirmed without opinion.

On January 14, 2025, Newosu filed this federal lawsuit against the City, ALEA, Cecil McElvaine, the Downey Law Firm, and an unidentified person named Sue Flor. Newosu brings six counts under 42 U.S.C. § 1983, plus several state-law claims. Newosu demands compensatory and punitive damages.

## DISCUSSION

The court proceeds in three parts. First, the court addresses Newosu's IFP motion and motions for the appointment of counsel. Next, the court addresses Newosu's motions to set aside state court orders. Finally, the court addresses Defendants' motions to dismiss.

### I. Motions for IFP and Appointment of Counsel

Newosu filed a motion for leave to proceed IFP along with his complaint. (Doc. 2). Shortly thereafter, Newosu paid the $405 filing fee and told the Clerk of Court that he could not wait for a ruling on the IFP.

---

[1] Because Defendants move to dismiss Newosu's complaint under Rule 12, the court takes the facts from Newosu's amended complaint and assumes they are true.

Because Newosu has paid the filing fee, his IFP motion is **DENIED AS MOOT.** (Doc. 2).

Newosu also asks the court to give him an attorney. Having reviewed the record, the court this case lacks exceptional circumstances that warrant appointed counsel. *See Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (the appointment of counsel in a civil case is justified only in "exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."); *German v. Broward County Sheriff's Off.*, 315 F. App'x 773, 777 (11th Cir. 2009) (finding appointment of counsel necessary for plaintiff to effectively present his case). So the court **DENIES** Newosu's motions for appointment of counsel, (docs. 4, 13).

## II. Motions to Set Aside

Newosu has filed multiple motions that he styles as a "motion to set aside" a state court ruling from January 11, 2024, and elsewhere January 11, 2023, and other times January 11, 2025. (*See* docs. 10, 12, 14). The substance of these motions appears to simply be restatements of Newosu's complaint. None of these motions adequately describe the grounds for which the court *should*, or the authority from which the court *could*, set aside the state court rulings Newosu is referring to. So the court **DENIES** Newosu's motions to set aside, (docs. 10, 12, 14).

## III. Defendants' Motions to Dismiss

Having reviewed all filings, the court **GRANTS** Defendants' motions to dismiss. (Docs. 7, 8, 9, 11). The court **DISMISSES** Newosu's amended complaint, (doc. 5), **WITHOUT PREJUDICE.** Because Newosu is proceeding pro se and the court has not previously given Newosu the opportunity to replead his complaint, the court will give Newosu **one chance** to replead his complaint to state a claim upon which relief can be granted. If Newosu chooses to amend, the court urges Newosu to take the court's instructions below to heart.

Federal Rule of Civil Procedure 8 provides that "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. In his amended complaint, Newosu must clearly set forth the facts concerning any incidents about which he complains. Specifically, Newosu must (1) identify each defendant he alleges participated in the violation of his rights; (2) describe what each defendant did that violated his rights; (3) state when and where the incidents underlying the violation of his rights occurred; (4) describe how the acts and/or omissions of each defendant harmed him; (5) identify the nature of that harm (e.g., loss of money, income, or property, or interference with his right to engage in or refrain from some activity); and (6) state the relief he seeks (e.g., compensatory and/or punitive damages or some form of injunctive relief, including any request for attorneys' fees, costs, and expenses). Conclusory and general assertions are not enough to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court also cautions Newosu about suing arms of the State of Alabama. The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const.. amend. XI. "[T]he Eleventh Amendment is a recognition that the states retain certain attributes of sovereignty, and one of its purposes is to protect states from the indignity of being haled into federal court by private litigants." *Bouchard Transp. Co. v. Fla. Dep't of Env't Prot.*, 91 F.3d 1445, 1448 (11th Cir. 1996); *Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (per curiam) ("The Eleventh Amendment protects the immunity of not only the states, but of state agencies and entities that function as an arm of the state.") (internal quotation omitted). So the court warns Newosu to

thoughtfully consider whether he has valid claims against arms of the State of Alabama when naming the defendants in his amended complaint.

—

If Newosu chooses to amend his complaint, the court **ORDERS** Newosu to file his amended complaint by **March 17, 2026.** Failure to timely comply with this order, or otherwise the address the pleading deficiencies described above, may result in sanctions, including the dismissal of Newosu's complaint **with prejudice.**

## CONCLUSION

For the reasons stated within, the court:

- **DENIES AS MOOT** Newosu's motion for leave to proceed IFP, (doc. 2);
- **DENIES** Newosu's motions for appointment of counsel, (docs. 4, 13);
- **DENIES** Newosu's motions to set aside state court rulings, (docs. 10, 12, 14); and
- **GRANTS** Defendants' motions to dismiss, (docs. 7, 8, 9, 11).

The court **DISMISSES** Newosu's amended complaint, (doc. 5), **WITHOUT PREJUDICE.** The court **ORDERS** Newosu to file an amended complaint by **March 17, 2026.** Failure to timely comply with this order or otherwise the address the pleading deficiencies described may result in sanctions, including the dismissal of this case **with prejudice.**

The court **DIRECTS** the Clerk of Court to send a copy of this order to Newosu at his address of record.

**DONE** and **ORDERED** on February 24, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE